**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**TIMOTHY CHENEY,**

                 **Plaintiff,**

     v.                                  **1:04-CV-1391
                                              (GLS)**

**COMMISSIONER OF SOCIAL
SECURITY,**

                 **Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| OFFICE OF STEPHEN J. MASTAITIS, JR.<br>1412 Route 9P<br>Saratoga Springs, New York 12866 | STEPHEN J. MASTAITIS, JR., ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. GLENN T. SUDDABY<br>United States Attorney<br>PO Box 7198<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | WILLIAM H. PEASE<br>Assistant U.S. Attorney |

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

### I. Introduction

Timothy Cheney challenges the denial of disability benefits by the Commissioner of Social Security.  Cheney brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

### II. Procedural History

After Cheney filed for Supplemental Security Income (SSI) in September 2001, his application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) Robert Wright.  Cheney alleges disability beginning on October 7, 1999 due to shortness of breath and numbness in his hands and feet.  (Tr. 16).[1]  On September 18, 2003, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

### III. Facts

The evidence in this case is not in dispute, and the court incorporates the parties' factual recitations.  *See Pl.'s Br. pp. 3-5, Dkt. No. 7; Def.'s Br.*

---

[1] "(Tr.)" refers to the page of the Administrative Transcript in this case.

*pp. 1-9, Dkt. No. 10.*

## IV. Contentions

Cheney contends that the ALJ's decision is not supported by substantial evidence. More specifically, he claims that the ALJ: (1) incorrectly determined that his alcoholism contributed to his impairments; (2) discounted his complaints of disabling pain; and (3) failed to consult a vocational expert. The Commissioner counters that substantial evidence supports the ALJ's disability decision.

## V. Discussion

### A. Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ. The ALJ's decision is subject to judicial review on appeal. *See* 42 U.S.C. § 405(g). A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied,

3

even if it appears to be supported by substantial evidence.  *See Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's "findings is limited to assessing whether substantial evidence in the record supports those findings."  *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *see also* 42 U.S.C. § 405(g).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'"  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Id*.  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Id*.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's

4

decision.  *See  Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  *See* 42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *see also Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence).  Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and "remand for further evidentiary proceedings would serve no purpose."  *Parker*, 626 F.2d at 235; *see also Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where remand would result in lengthening the "painfully slow process" of determining disability).

**B.     Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits.  To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish an "inability to engage in any substantial

5

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2]  The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA).  *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If a claimant is engaged in SGA, he will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant is found to suffer from a severe

---

[2]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for his, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

6

impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *See Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of his past relevant work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At Step Five, the ALJ determines whether the claimant can do any other work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant has the burden of showing that he cannot perform past relevant work.  *See Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work

7

existing in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see also N.Y. v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

Finally, an individual is not eligible for benefits if alcoholism or drug abuse is a contributing factor material to the Commissioner's disability determination.  *See* 20 C.F.R. §§ 404.1535, 416.935.  In other words, there must be a basis for disability independent from the claimant's substance abuse.  *See* 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).[3]

In this case, the ALJ found that Cheney satisfied Step One because he had not worked since his alleged onset date of October 7, 1999.  (Tr. 19).  In Step Two, the ALJ determined that Cheney had "severe" impairments due to his chronic alcoholism.  *See id.*  In Step Three, the ALJ determined that his impairments failed to equal an impairment or

---

[3]In considering whether the claimant would still be considered disabled absent his drug or alcohol addiction, the Commissioner must "evaluate which of [claimant's] current physical and mental limitations, upon which [the Commissioner] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the] remaining limitations would be disabling."  20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).  If it is determined that the remaining limitations would not be disabling, the Commissioner will "find that [claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).  If the Commissioner determines that the claimant's remaining limitations are disabling, the claimant is disabled "independent of [claimant's] drug addiction or alcoholism and [the Commissioner] will find that [claimant's] drug addiction or alcoholism is not a contributing factor material to the determination of disability."  20 C.F.R. §§ 404.1535(b)(2)(i)-(ii), 416.935(b)(2)(i)-(ii).

8

combination of impairments listed in, or medically equal to, one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19). In Step Four, the ALJ determined that Cheney had the RFC to perform his past relevant work but his alcoholism prevented him from doing so. *See id.* The ALJ also found that Cheney's alcoholism prevented him from maintaining other jobs in the national economy. *See id.* Therefore, the ALJ concluded that Cheney's alcoholism was a contributing factor material to his ability to work and denied benefits. *See* 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

**C.    Alcoholism**

Cheney contends that the ALJ incorrectly determined that alcoholism substantially contributed to his inability to work. He specifically argues that in determining his RFC, the ALJ did not take into account his other significant impairments. This contention is without merit. The key question is whether the Commissioner would still find the claimant disabled if he stopped abusing alcohol. *See Frederick v. Barnhart*, 317 F. Supp. 2d 286, 290 (W.D.N.Y. 2004) (citing 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1)). Here, Cheney claims that regardless of his alcoholism, he has disabling conditions due to numbness in his hands and feet, and shortness of breath. In support of these contentions, Cheney cites the report of state

9

agency physician, Dr. George Wootan. Dr. Wootan opined that Cheney has "trigger fingers," meaning that at times, his fingers lock into a bent position. (Tr. 175). Additionally, Cheney claims that his collapsed lung restricts the physical labor he can do because he is often short of breath. Cheney also cites the opinion of consulting physician Dr. Rodney Ying, who examined him on February 3, 2000. (Tr. 135). Dr. Ying noted that Cheney experienced easy fatigue and had diminished breath sounds from his left lung. *See id.* Cheney alleges that these disabling conditions produce both exertional and non-exertional impairments that prevent him from doing his past work.

As the ALJ noted, these additional impairments are not supported by objective medical evidence. While Dr. Wootan noted that Cheney had "trigger fingers," overall, he diagnosed him with "chronic alcoholism" and no other significant impairments. (Tr. 17, 174). Dr. Wootan also stated "I see no reason why [Cheney] is not able to engage in activities, which require sitting, standing, walking[.] He can lift and carry without restrictions. He can handle small objects without difficulty." *See id.* "He has full use of both upper and lower extremities, and he can participate in household activities without any restrictions." (Tr. 17, 174). Based on Dr. Wootan's

10

assessment, the ALJ properly concluded that but for Cheney's alcoholism, he did not have significant impairments. (Tr. 17).

Moreover, as the ALJ also noted, there is a lack of medical evidence establishing Cheney's respiratory problems resulting from his collapsed lung. (Tr. 17). While medical records from November 1999 show that Cheney was diagnosed with "emphysema with entrapment of the left lung," no recent records establish ongoing respiratory problems. *See id.* Instead, Cheney underwent successful respiratory surgery in December of 1999, and has not sought medical attention since. *See id.* Upon examination in December 2001, Dr. Wootan noted that Cheney had no significant respiratory abnormalities. *See id.* Accordingly, the ALJ's determination was based on substantial evidence and must be affirmed.

**D.   Subjective Complaints of Pain**

Cheney contends that the ALJ did not give proper weight to his subjective complaints of pain. The Commissioner is obligated to evaluate all of a claimant's "symptoms, including pain, and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See*

11

20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 01-CV-899, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003). "First, the ALJ must determine, based upon the objective medical evidence, whether the impairments "could reasonably be expected to produce the pain[4] or other symptoms alleged[.]..." *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(a), 416.929(a)). "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Id.* (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive

---

[4]The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Lugo v. Chater*, 932 F. Supp. 497, 504 (S.D.N.Y. 1996).

12

evidence of disability[.]..." 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors. These factors include "daily activities;...the location, duration, frequency and intensity of [claimant's] pain or other symptoms;...[t]he type, dosage, effectiveness and side effects of...medication;" and other treatments or measures to relieve those symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints of pain] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).

Here, Cheney specifically claims that the ALJ improperly attributed all his limitations to alcoholism and discredited his subjective complaints of

13

shortness of breath, fatigue, and numbness in his hands and feet.  This contention is without merit because these conditions are not supported by objective medical evidence.  As the ALJ noted, Cheney has a history of chronic alcohol abuse, and while he may suffer from other impairments, the record does not show that they are severe.  (Tr. 18).  Accordingly, the ALJ's determination was based on substantial evidence and must be affirmed.

### E.      **Vocational Expert**

Cheney also contends that the ALJ erred in not calling a vocational expert to determine what work he could do based on his non-exertional impairments.  A vocational expert may provide testimony regarding the existence of jobs in the national economy.  *See Dumas,* 712 F.2d at 1553-54.  "The vocational expert's testimony is only useful if it addresses whether the particular claimant, with his limitations and capabilities, can realistically perform a particular job."  *Jehn v. Barnhart*, 408 F. Supp. 2d 127, 135 (E.D.N.Y. 2006) (internal quotation marks and citation omitted).  "Proper use of vocational testimony presupposes both an accurate assessment of the claimant's physical and vocational capabilities, and a consistent use of that profile by the vocational expert in determining which

jobs the claimant may still perform." *Lugo v. Chater*, 932 F. Supp. 497, 504 (S.D.N.Y. 1996).

Here, Cheney claims that his shortness of breath and numbness in his hands and feet constitute non-exertional impairments, which required the ALJ to call a vocational expert.  This contention is without merit.  While Cheney claims that these conditions caused non-exertional impairments, the record belies these allegations.  As stated, agency physician Dr. Wootan noted, "I see no reason why [Cheney] is not able to engage in activities, which require sitting, standing, walking[.]  He can lift and carry without restrictions.  He can handle small objects without difficulty." *See id.* "He has full use of both upper and lower extremities, and he can participate in household activities without any restrictions." (Tr. 17, 174).  Since the record did not indicate that Cheney had any non-exertional impairments, the testimony of a vocational expert was not required.  Accordingly, the ALJ's findings were supported by substantial evidence, and the decision is affirmed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that the decision denying benefits is **AFFIRMED**; and it

15

is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order

to the parties.

**IT IS SO ORDERED.**

November 2, 2006
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge